UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| O&G INDUSTRIES, INC. ET AL., )<br>)<br>Plaintiffs, )<br>)<br>)<br>)<br>)<br>V. )<br>)<br>)<br>)<br>)<br>)<br>)<br>AON RISK SERVICES )<br>NORTHEAST, INC. )<br>)<br>Defendant. ) | NO. 3-12-CV-00723 (JCH)<br><br><br><br><br><br>JULY 20, 2012 |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

**Date Complaint Filed:** May 15, 2012

**Plaintiffs' Counsel:**

O&G Industries, Inc. ("O&G") : Finley T. Harckham, Dennis Artese, Anderson, Kill & Olick, P.C.

Kleen Energy Systems, LLC ("Kleen"): Lee Hoffman, Pullman & Comley, LLC

Keystone Construction and Maintenance Services, Inc. ("Keystone"): Justin Clark, Blackwell, Davis & Spadacccini

**Dates of Defendant's Appearance:**

Aon Risk Services Northeast, Inc. ("ARS"): June 8, 2012 by Richard W. Bowerman and Margaret P. Mason, LeClairRyan

**Meet and Confer**

Pursuant to Fed. R. Civ. P. §§16(b) and 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on July 19, 2012.

The participants on that call were:

>Finley Harckham
>ANDERSON KILL & OLICK, P.C.
>1251 Avenue of the Americas
>New York, NY 10020
>
>Attorneys for Plaintiff
>O&G Industries, Inc.
>
>
>Lee Hoffman (Ct17068)
>Matthew L. Stone
>PULLMAN & COMLEY, LLC
>90 State House Square
>Hartford, Connecticut 06103-3702
>
>Attorneys for Plaintiff
>Kleen Energy Systems, LLC
>
>
>Richard W. Bowerman, ct04181
>Margaret P. Mason, ct4157
>LECLAIRRYAN
>545 Long Wharf Drive, 9th Floor
>New Haven, Connecticut 06511
>
>Paul Serritella
>LATHAM & WATKINS, LLP
>885 Third Avenue
>New York, NY  10022-4834
>
>Attorneys for Defendant
>Aon Risk Services, Northeast, Inc.

Counsel for Keystone consented to the plaintiffs' counsel above conferring on their behalf.

### I.     **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

Jurisdiction is asserted under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand ($75,000) dollars, exclusive of interest and costs.

## III. BRIEF DESCRIPTION OF CASE

    **A.**    Claims of Plaintiffs: This is an action for declaratory judgment, breach of contract, negligence, professional malpractice, and misrepresentation against Defendant insurance broker ARS, based on its acts and omissions in procuring for Plaintiffs insurance coverage under a Contractor Controlled Insurance Program ("CCIP") for a construction project in Middletown, Connecticut. ARS is liable because it failed to procure for Plaintiffs defense cost coverage under the excess policies of the CCIP as it was instructed to do and as ARS represented to Plaintiffs that it would do and had in fact done.

    **B.**    Defenses and Claims of the Defendant: Plaintiffs' claims in this matter have no merit. Aon's conduct comported with professional standards and the requirements of its client. Further, the parties' Services Agreement required O&G to provide information about its insurance needs, expressly disclaimed any duty on Aon's part to interpret legal documents, and put the onus on O&G to review the policies after they were obtained to ensure that they were consistent with its insurance needs. Plaintiffs' allegations that the "CCIP Manual" provided by Aon (a summary handbook on administering the CCIP) was misleading are of no weight, as the Manual itself states that it is merely a summary, does not provide *any* information regarding coverage for defense costs, and expressly directs the reader to the policy documents themselves for such details. Further, it appears that Plaintiffs' own conduct, and conduct by third-parties, are intervening and superseding causes of Plaintiffs' purported injury. Finally, O&G's co-Plaintiffs – Kleen and Keystone – have no standing to bring any claims against Aon. Aon's contract with O&G expressly disclaimed any third-party beneficiaries, and no claim of professional malpractice will lie as to third-parties not in privity with a broker-defendant.

    In sum, Plaintiffs' claims are without merit and Aon is not liable for any amount of legal fees or other costs or expenses incurred by Plaintiffs related to the Middletown accident litigations.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

3

1. The names and state of residence of the Plaintiffs and the addresses of Defendants as set forth in the Complaint.

2. O&G and Kleen entered into an Engineering, Procurement and Construction Agreement in connection with a construction project in Middletown, Connecticut entitled "620 MW Combined Cycle Gas Fired Power Project" (the "Project").

## V.   CASE MANAGEMENT PLAN

### A.   Standing Order on Scheduling in Civil Case

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases and summarized their requests in the attached chart, and as described more fully below as follows:

|  | **Plaintiffs' Proposed Schedule** | **Defendant's Proposed Schedule** |
|---|---|---|
| **Motion to Dismiss** | 7/2/12 | 7/2/12 |
| **Responses to Motion to Dismiss** | 7/23/12 | 7/23/12 |
| **Reply to Motions to Dismiss** | 8/1/12 | 8/1/12 |
| **Rule 26 Initial Disclosures** | 8/17/12 | 8/17/12 |
| **Serve Interrogatories and Requests for Production** |  | 8/31/12 |
| **Depositions of Fact Witnesses May Begin** | 8/17/12 | 10/17/12 |
| **Objections to Interrogatories and Requests for Production Due** |  | 9/28/12 |
| **Motions to Join Additional Parties/Motions to Further Amend the Pleadings** | 8/31/12 | 8/31/12 |
| **Depositions of Fact Witnesses Must be Completed** | 10/29/12 | 3/29/13 |
| **Expert Designations** | 10/29/12 | 3/29/13 |
| **Experts' Reports Due** | 10/29/12 | 4/19/13 |
| **Plaintiffs' Damages Analysis Due** | 10/1/12 | 4/5/13 |
| **Fact Discovery Completed** | 10/29/12 | 3/29/13 |

4

| Expert Depositions Completed | 11/30/12 | 5/15/13 |
|---|---|---|
| Designate Rebuttal Experts | 12/14/12 | 6/12/13 |
| Expert Replies | 12/14/12 | 6/12/13 |
| Depositions of Rebuttal Experts Completed | 1/15/13 | 7/10/13 |
| All Discovery Completed | 1/15/13 | 7/10/13 |
| Other Dispositive Motions Filed | 2/15/13 | 8/23/13 |
| Responses to Other Dispositive Motions Due | 3/15/13 | 10/4/13 |
| Replies to Dispositive Motions Due | 4/1/13 | 10/18/13 |
| Joint Trial Memoranda | 30 days after rulings on any dispositive motions | 12/2/13 |
| Case Ready for Trial | 45 days after rulings on any dispositive motions | 12/16/13 |

### B.     Scheduling Conference with the Court

The parties request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference in person.

### C.     Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is believed to be unlikely at this time.

The Plaintiffs request an early settlement conference. The Plaintiffs prefer a settlement conference with the magistrate judge.

The Defendant does not request an early settlement conference.

The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L.Civ. R. 16.

### D.     Joinder of Parties and Amendment of Pleadings

  i. Plaintiffs should be allowed until August 31, 2012 to file motions to join additional parties or to amend the pleadings.

  ii. The Defendant should be allowed until August 31, 2012 to file a motion to join additional parties.

5

### E.  Discovery

The parties anticipate that discovery will be needed on all issues raised in the Complaint and on all defenses to be raised by the Defendant.

The parties agree that discovery will not be completed in phases, except as to expert witness discovery.

The parties propose that all discovery be completed as set forth in the Case Management Plan, Section V.A above.

Plaintiffs anticipate that they will require a total of 5 depositions of fact witnesses; Defendant anticipates that it will require a total of 15 depositions of fact witnesses.

The parties will not request permission to serve more than 25 interrogatories.

The parties intend to call expert witnesses at trial. The parties propose that all expert discovery be completed as set forth in the Case Management Plan, Section V.A above.

Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data will be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling such information. The parties agree to the following procedures for the preservation of, disclosure and management of electronically stored information:

- As used herein, the tem "ESI" refers to electronically stored information that contains or potentially contains discoverable information relating to facts at issue in this action, The term ESI encompasses potentially discoverable electronically stored documents as defined by Fed. R. Civ. P. 34(a).

- During the pendency of this action, Plaintiffs and the Defendant will implement litigation holds to suspend routine reprocessing and destruction of potentially discoverable ESI.

- The parties shall instruct their employees to retain and secure from deletion all ESI, making all reasonable efforts to retain the metadata (file creation dates, modification dates, etc.) associated with any and all ESI.

- By agreeing to preserve ESI, in accordance with the terms hereof, the parties are not waiving any objections they may have to the ultimate discoverability of the ESI.

- Nothing herein shall be deemed to affect the parties' obligations to preserve hardcopy documents pursuant to the Court's case Management Order.

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting

6

privilege claims after protection. The parties agree to the following procedures for asserting claims of privilege after production:

- The inadvertent production of any privileged or otherwise protected or exempted information and/or documentation, shall not be deemed a waiver or impairment of any claim or privilege or protection, including, but not limited to, attorney-client privilege and attorney work product protection, including the subject matter thereof. A party who inadvertently produces a privileged or protected document may, within five (5) days of discovery of such inadvertent production, notify the other party of the inadvertent production and demand return of the same. Upon receipt of such notification, the receiving party shall return the inadvertently produced documentation and information, and any copies thereof, to the notifying party. The receiving party shall not use the information contained in such returned document or information for any purpose absent Court order. Nothing herein shall be deemed, or construed as, a waiver of any party of its rights to challenge the assertion of privilege or other protection and seek an order from the Court requiring production and/or denying the claim privilege or protection.

The parties agree to negotiate in good faith an efficient procedure for exchange of ESI discovery and any confidentiality or related issues that may arise.

### F.   Protective Orders

The parties do not perceive a need for a more restrictive protective order than the Standing Protective Order of this Court at present, but agree to negotiate in good faith with respect to any further protections should the issue arise.

### VI.   TRIAL READINESS

The parties propose that the case will be ready for trial as set forth in the Case Management Plan, Section V.A above.

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated July 20, 2012

By:_____/s/_____
     Finley Harckham
     Dennis J. Artese
     ANDERSON KILL & OLICK, P.C.
     1251 Avenue of the Americas
     New York, NY 10020

     Attorneys for Plaintiff

7

O&G Industries, Inc.

By: /s/
Lee Hoffman (Ct17068)
Matthew L. Stone
PULLMAN & COMLEY, LLC
90 State House Square
Hartford, Connecticut 06103-3702

Attorneys for Plaintiff
Kleen Energy Systems, LLC


By /s/
Justin Clark
BLACKWELL, DAVIS & SPADACCINI, LLC
158 East Center Street
Manchester, Connecticut 06040

Attorneys for Plaintiff
Keystone Construction and Maintenance Services, Inc.


By /s/
Richard W. Bowerman (Ct04181)
Margaret P. Mason (Ct04157)
LECLAIRRYAN
545 Long Wharf Drive, 9th Floor
New Haven, Connecticut 06511
Tel. No.: (203) 672-3202
Fax No.: (203) 672-3237
Ricard.bowerman@leclairryan.com


Attorneys for Defendant
Aon Risk Services Northeast, Inc.