UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| O&G INDUSTRIES, INC. ET AL., )<br>)<br>Plaintiffs. )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>)<br>)<br>AON RISK SERVICES )<br>NORTHEAST, INC. )<br>)<br>Defendant. | NO. 3:12-CV-00723 (JCH)<br><br><br><br>January 25, 2013 |

**MOTION TO RE-OPEN SCHEDULING ORDER AND RESET DEADLINES**

The defendant in the above-captioned matter, Aon Risk Services Northeast, Inc. ("Aon"), respectfully requests the Court to re-open the Scheduling Order entered on August 2, 2012, and reset deadlines as set forth below. In support hereof, the Defendants states as follows:

1. This is the first motion to modify the scheduling order filed by Defendant in this case.

2. This extension is warranted in light of the possibility of settlement discussions, which this Court mandated by its August 2, 2012 Order referring the parties to mediation before Magistrate Fitzsimmons.  Further, Defendant contends that it should not be subjected to extensive (and costly) discovery prior to the resolution of its motion to dismiss Plaintiffs' claims in their entirety.  At the time this operative schedule was entered, the Court plainly contemplated brief and "early" mediation before the magistrate and, if necessary, a timely resolution of Defendant's motion to dismiss

before discovery began in earnest. Yet now, we are within the time set out for *expert* discovery, with the parties barely having commenced fact discovery, with Defendant's motion to dismiss still pending, and with resolution through further mediation a very distinct possibility. Tying the parties to a now-outdated schedule under the circumstances serves no useful purpose.

3. In this matter, Plaintiffs allege that Aon was negligent in allegedly failing to include litigation cost coverage outside limits as an element of an insurance policy issued by non-party Great American Assurance Co. ("Great American") placed by Aon as part of a contractor-controlled insurance program ("CCIP"). Aon contends, *inter alia*, that Plaintiffs' claims are facially deficient in that O&G never requested such coverage during its discussions about the CCIP; that O&G received the policies and had not only the opportunity but the contractual obligation to inform Aon of any deficiencies in coverage; and that the non-O&G plaintiffs lack standing to bring any claims against Aon as they lack privity or any rights as third-party beneficiaries.

4. On July 2, 2012, Defendant moved to dismiss this action in its entirety on the bases set out above. (Dkt. No. 24.) This motion was fully briefed as of August 1, 2012. (Dkt. No. 30.)

5. On August 2, 2012, this Court entered its initial scheduling order. This order called for, *inter alia*, expert discovery to be commenced on December 31, 2012, when Plaintiffs were required to provide their expert report to Defendant. (Dkt. No. 33.)

6. Also on August 2, the Court ordered that the parties meet with Magistrate Judge Holly B. Fitzsimmons for an "early settlement conference."[1] (Dkt. No. 31.) However,

---

[1] Since this matter was referred to mediation, the Court has not calendared or ruled upon Defendant's Motion to Dismiss.

2

although the parties were able to confer with Magistrate Fitzsimmons telephonically on August 22, 2012, an initial settlement conference was not able to be calendared until November 19, 2012.

7. The parties met with Magistrate Fitzsimmons on November 19 as scheduled. As part of the mediation session, the parties exchanged settlement proposals, ███████
██████████████████████████████████████
█████████████████████████████
███████████

8. ███████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████

9. ████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

██████████████████████████████████████████████████████████████
████████████████████████████████████

10. At the same time, fact discovery has barely commenced. Although the parties exchanged some documents in advance of the settlement, neither side has moved forward on fact witness depositions, meeting and conferring on the scope of document production, or third-party discovery. Plaintiffs have never contacted Defendant Aon to move forward on fact discovery since the initial session of the mediation.

11. However, on December 31, 2012, Plaintiffs served their expert disclosure and report on Defendant. Defendant Aon was surprised to receive that report because neither side had been conducting any discovery while the settlement discussions have been ongoing. In Defendant Aon's view it would have been counterproductive and inconsistent with the spirit of the mediation process for Aon to impose burdensome discovery obligations upon Plaintiffs while the settlement discussions were ongoing. If Plaintiffs had requested as much, Defendant Aon would have readily consented to an extension of the pending deadline for expert disclosures.

12. Per the present schedule, Defendant is due to depose Plaintiffs' expert by January 30, 2013, and provide its own expert report by February 28, 2013. Given that Defendant's motion to dismiss is still pending, and that fact discovery has barely commenced, Plaintiffs' decision to proceed with expert discovery seems incongruous and premature.

13. On January 7, 2013, counsel for Aon contacted counsel for O&G and proposed that discovery either be stayed while settlement discussions were still open, or that the scheduling order be amended to take into account the realities of the case. O&G's

counsel responded only that its "marching orders" were to advance matters – an odd statement as O&G's counsel, until that point, had taken few steps to advance the case. On January 11, 2013, counsel for O&G confirmed that it would not consent.

14. On January 11, 2013, counsel for Aon also contacted counsel for plaintiffs Kleen and Keystone; Kleen and Keystone take no position on this motion.

15. Federal Rule of Civil Procedure 6(b) provides that the Court may, upon a showing of good cause, extend the time to perform a given act. It is within the Court's discretion to manage the schedule for discovery. See Lopez v. McEwan, No. 08 Civ. 0678, 2010 WL 537744, at *2 (D. Conn. Feb. 12, 2010).

16. Here, good cause exists for the reasons set forth above. Defendant submits that discovery should not proceed until the Great American policy is exhausted, allowing the parties to have meaningful settlement discussions ███████████████ ███████████████████████████████████ Further, Defendant contends that expending time and resources on expert discovery prior to the substantial completion of fact discovery – which in turn would likely be completed before this Court rules on the sufficiency of Plaintiffs' claims as a matter of law as articulated in Defendant's still-open Motion to Dismiss – constitutes an undue and easily-avoidable burden on both parties. Moreover, proceeding on the current schedule would essentially punish Defendant Aon for its good faith effort to allow the mediation process to succeed, by not imposing burdensome discovery costs on Plaintiffs while settlement discussions were ongoing. Therefore, Defendant proposes that this Court extend the deadlines as follows:

    a. Close of all discovery: July 23, 2013;

    b.  Deposition of Plaintiffs' Expert by May 31, 2013;

    c.  Defendant's Expert Report due: June 28, 2013;

    d.  Deposition of Defendant's Expert by July 23, 2013.

WHEREFORE, for good cause shown, the undersigned respectfully requests that this Court re-open the Scheduling Order and extend the pre-trial deadlines as set forth above.

                        DEFENDANT
                        AON RISK SERVICES NORTHEAST, INC.

By  /s/   04181
      Richard W. Bowerman, ct04181
      Margaret P. Mason, ct04157
      LeClairRyan
      545 Long Wharf Drive, 9th Floor
      New Haven, Connecticut 06511
      Tel. No.: (203) 672-3202
      Fax No.: (203) 672-3237
      Richard.bowerman@leclairryan.com

           -- Its Attorneys --

And

Blair Connelly
Paul A. Serritella
Manasi Shanghavi
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Tel No.: (212) 906-1002
Fax No.: (212) 751-4864

Of Counsel

-   Its Attorneys –

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                              /s/   04181
                                           Richard W. Bowerman, ct04181