**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| O&G INDUSTRIES, INC., KLEEN ENERGY SYSTEMS, LLC, KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC., AND BLUEWATER ENERGY SOLUTIONS, INC., Plaintiffs, | : | Civil Action No. 3:12-CV-00723 (JCH) |
| VS. | : | |
| AON RISK SERVICES NORTHEAST, INC. F/K/A AON RISK SERVICES, INC. OF MASSACHUSETTS, Defendant. | : | March 13, 2013 |

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Plaintiffs O&G Industies, Inc., Kleen Energy Systems, LLC, and Keystone Construction and Maintenance Services, Inc. (collectively, "Plaintiffs") and Defendant Aon Risk Services Northeast, Inc. ("Defendant") hereby file this Joint Motion for Entry of Stipulated Protective Order. The parties have conferred and reached an agreement on the proposed terms of a protective order, which agreement is contained in the Stipulated Protective Order attached hereto. If the proposed Stipulated Protective Order is acceptable to the Court, the parties respectfully request that the Court enter the Stipulated Protective Order in the attached form.

Respectfully submitted,

By: s/ Dennis J. Artese

Finley Harckham, ct26403
Dennis J. Artese, ct28071
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Dartese@andersonkill.com

Attorneys for Plaintiff
O&G INDUSTRIES, INC.

By: /s Lee D. Hoffman

Lee D. Hoffman, ct17068
Matthew L. Stone, ct28765
PULLMAN & COMLEY, LLC
90 State House Square
Hartford, CT 06103-3702
Tel: (860) 424-4315
Lhoffman@pullcom.com

Attorneys for Plaintiff
KLEEN ENERGY SYSTEMS, LLC

By: s/ Justin Clark

Justin R. Clark, ct27487
DAVIS &CLARK LLC
158 Eastern Blvd., Suite 100
Glastonbury, CT 06033
Tel: (860) 430-9200
Jclark@davisclarklaw.com

Attorneys for Plaintiff
KEYSTONE CONSTRUCTION AND
MAINTENANCE SERVICES, INC.

By: s/ Richard W. Bowerman

Richard W. Bowerman, ct04181
Margaret P. Mason, ct04157
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511
Tel: (203) 672-3202
Richard.bowerman@leclairryan.com

Attorneys for Defendant
AON RISK SERVICES NORTHEAST, INC.

**CERTIFICATION OF SERVICE**

I hereby certify that on March 13, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

s/ Richard W. Bowerman
Richard W. Bowerman, ct04181

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| O&G INDUSTRIES, INC., KLEEN ENERGY SYSTEMS, LLC, KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC., AND BLUEWATER ENERGY SOLUTIONS, INC., Plaintiffs, | : | Civil Action No. 3:12-CV-00723 (JCH) |
| VS. | : | |
| AON RISK SERVICES NORTHEAST, INC. F/K/A AON RISK SERVICES, INC. OF MASSACHUSETTS, Defendant. | : | |

**STIPULATED PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential and/or proprietary materials, documents and information, and upon the parties' mutually good faith discussions, it is hereby agreed as follows:

1. <u>Confidential Material</u>. Subject to and to the extent provided in Paragraph 2 below and the other provisions of this Protective Order, "Confidential Material" means trade secrets or other confidential and/or proprietary information, research, development, or commercial information not to be revealed or to be revealed only in a specified way, including, but not limited to, internal business practices that would include trade secrets and/or confidential and proprietary information, and may include documents, information, transcripts of depositions or other testimony and exhibits thereto, or other documents, papers or materials hereinafter produced, provided, served and/or filed by any Party in the above-entitled action, containing information designated by the producing Party as "Confidential" based on a good faith belief that the information constitutes a trade secret or other proprietary and/or confidential information,

research, development or commercial information not to be revealed or to be revealed only in a specified way. "Designating Party" means the party designating information as "Confidential Material" or "Attorneys' Eyes Only Material."

2. Any Party to the above-entitled action and any third-party in connection with this litigation shall have the right to designate as "Confidential" any information, document, or thing or portion of any information, document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, including, but not limited to, internal business practices that would include trade secrets or confidential and/or proprietary information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties in connection with this litigation and/or otherwise subject to this Protective Order, or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any Party to the above-entitled action or any third party in connection with this litigation covered by this Protective Order, who produces or discloses any Confidential Material, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, testimony, deposition transcript, exhibit and/or any other such so-designated materials shall mark the same with the foregoing or similar legend:

> "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any Party to the above-entitled action and any third party in connection with this litigation shall also have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any information, document or thing that contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Designating Party

("Attorneys' Eyes Only Material"). Any Party to the above-entitled action or any third party in connection with this litigation who is covered by this Protective Order, who produces or discloses any Attorneys' Eyes Only Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony deposition transcript, exhibit and/or any other such so-designated materials shall mark the same with the foregoing or similar legend:

> "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Confidential and/or Attorneys' Eyes Only Material produced shall be used by the receiving Party solely for purposes of the prosecution or defense of the above-captioned action, shall not be used by the receiving Party or its counsel for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 5 below and subject to the other terms and provisions of this Protective Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-entitled action based on his or her evaluation of Confidential and/or Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Confidential and/or Attorneys' Eyes Only Material except as permitted by this Agreement/Order, by prior written agreement of counsel for the Parties, or by other Order of the Court.

5. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals and/or entities under the following conditions:

a. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

b. Outside experts or consultants retained by outside counsel for purposes of the above-entitled action, provided they have signed an "Agreement To Be Bound By Protective Order" in the form attached hereto as Exhibit A, or as otherwise Ordered by the Court;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. Juries, if any, the Court and court personnel, including, but not limited to, stenographers transcribing the testimony or argument at a hearing, trial or deposition in the above-entitled action or any appeal therefrom;

e. Any witness at trial or deponent, and his/her counsel;

f. Vendors retained by or for the Parties to assist in preparing for pre-trial discovery, trial and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g. The Parties. In the case of parties that are corporations or other business entities, "Party" shall mean directors, officers, partners and employees of the Parties, or any subsidiaries or affiliates thereof, as well as any and all personnel who are, or may be, required to participate in decisions with reference to the above-entitled action; and

h. Any other person and/or entity only upon Order of the Court or by the written consent of the Designating Party.

6. Confidential Material shall be used only by individuals and/or entities permitted access to it under Paragraph 5 above. Confidential Material, copies thereof, and the information contained

therein, shall not be disclosed in any manner to any other individual or entity, unless (a) by written agreement of counsel for the Parties, or (b) upon Order of the Court.

7. In the event that a Party believes that transcripts of depositions, exhibits or other pretrial testimony, portions thereof or exhibits thereto, contain Confidential Material, such Party may designate such material as Confidential by either (i) stating orally on the record on the day the testimony is given that portions of the testimony and/or exhibits are deemed Confidential, or (ii) sending written notice to all Parties within thirty (30) days after receipt of the deposition transcript setting forth the page and line numbers of the testimony and/or exhibits to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript or exhibit shall be disclosed to any individuals or entities other than the individuals and entities described in Paragraph 5 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition or exhibit to any individuals or entities other than those described in Paragraph 5 above during said thirty (30) days. Upon being informed that certain portions of a deposition or exhibit are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript or exhibit in its custody or control to be appropriately marked and limit disclosure of that transcript or exhibit in accordance with the terms and provisions of this Protective Order. Until expiration of the thirty (30) day period, all testimony and exhibits thereto shall be deemed Confidential and treated as if so designated.

8. In the event that before, during, or after trial, or in connection with any hearing or testimony in the above-captioned action or any matter relating to the above-captioned action before this Court, counsel for any Party determines to file or submit to the Court any Confidential Material, such material shall be filed under seal in accordance with the Federal

Rules of Civil Procedure, as well as the Local Rules of the District of Connecticut and to the extent applicable, the Individual Practices of District Judge Janet C. Hall and Magistrate Judge Holly B. Fitzsimmons, and kept under seal until further Order of the Court. Where possible, only confidential portions of filings with the Court shall be inscribed with the phrase "Confidential." Each Party hereto is authorized hereunder to file under seal any material, information, documents, and/or portions thereof in accordance with this Protective Order.

9. Material produced and marked as Attorneys' Eyes Only may be disclosed only to Outside counsel and relevant in-house counsel for the Parties, as well as the secretarial, paralegal, clerical, duplicating, and data processing personnel of Outside counsel and relevant in-house counsel for the Parties, and to such other persons as counsel for the producing Party agrees in writing in advance of such disclosure, or as Ordered by the Court.

10. If counsel for a Party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the Designating Party or third-party in connection with the above-entitled action a written objection to such designation of any such material designated as Confidential or Attorneys' Eyes Only, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Designating Party or third-party in connection with the above-entitled action shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Designating Party or third-party in connection with

the above-captioned action makes timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of document or item of information cannot be resolved by mutual agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter (if acceptable to the Court), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or Attorneys' Eyes Only Material, it may do so only after giving written notice to the Designating Party, or as otherwise Ordered by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential and/or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole, or in part, of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential and/or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential and/or Attorneys' Eyes Only under this Protective Order.

14. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

15. If any Party in receipt of Confidential Material produced by a Designating Party is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking such Confidential Material, that Party shall give prompt written notice to the Designating Party through its undersigned counsel, sufficiently in advance of any disclosure, in order to provide the Producing Party with a reasonable opportunity to assert any objection to the requested production. If the Designating Party objects to the production, the Designating Party's Confidential Material shall not be produced except (i) pursuant to an Order by the Court requiring compliance with the subpoena, request for production, or other legal process, or (ii) if such subpoena, request or legal process is of the kind where the obligation to produce in a timely manner cannot be excused or deferred by interposing a written objection. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the recipient or anyone else covered by this Protective Order to challenge or appeal any such subpoena, request, legal process or order requiring production of Confidential Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any such Order, or to seek any relief from this Court.

16. This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

19. Upon final conclusion of the above-captioned action, each Party and its outside counsel and/or any other individual subject to the terms and provisions of this Protective Order shall be under an obligation to assemble and to return to the originating source all originals and marked and unmarked copies of documents and things containing Confidential and/or Attorneys' Eyes Only Material and to destroy, should such source so request, all copies of Confidential and/or Attorneys' Eyes Only Material that contain and/or constitute attorney work product as well as excerpts, summaries, notes and digests revealing Confidential and/or Attorneys' Eyes Only Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject the provisions of this Protective Order. To the extent a Party requests the return of Confidential and/or Attorneys'Eyes Only Material from the Court after the final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file an appropriate motion seeking such relief.

Dated: ________________

SO ORDERED:

____________________________

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| O&G INDUSTRIES, INC., KLEEN ENERGY SYSTEMS, LLC, KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC., AND BLUEWATER ENERGY SOLUTIONS, INC., Plaintiffs, | : | Civil Action No. 3:12-CV-00723 (JCH) |
| VS. | : | |
| AON RISK SERVICES NORTHEAST, INC. F/K/A AON RISK SERVICES, INC. OF MASSACHUSETTS, Defendant. | : | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________________, being duly sworn, under the penalties of perjury, state that:

1. My address is _____________________________________________.

2. My present employer is __________________________ and the address of my present employment is _____________________________________________.

3. My present occupation or job description is ______________________.

4. I hereby certify my understanding that certain Confidential Material is being provided to me pursuant to the terms and provisions of the Protective Order dated _______ in connection with the above-entitled action.

5. I have carefully read and understood the provisions of the Protective Order in the above-entitled action, and I hereby agree that I will comply with all terms and provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not so-designated under the terms and provisions of the Protective Order any Confidential Material, or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of the prosecution or defense of the above-captioned action.

7. No later than the final conclusion of this litigation, I will return and/or certify that I have returned all Confidential Material, and any non-privileged words, summaries, abstracts, and indices thereof, which have come into my possession, as well as any materials, documents, information and/or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

Signature: ______________________________

Printed name: ___________________________

Title and Company: _____________________

Address: _______________________________