UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| O&G INDUSTRIES, INC., KLEEN ENERGY SYSTEMS, LLC, KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC. AND BLUEWATER ENERGY SOLUTIONS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>AON RISK SERVICES NORTHEAST, INC. F/K/A AON RISK SERVICES, INC. OF MASSACHUSETTS<br><br>Defendant. | CIVIL ACTION<br>NO. 3:12-CV-00723 (JCH)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>March 28, 2013 |

**PLAINTIFF KLEEN INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT AON RISK SERVICES NORTHEAST, INC.**

Plaintiff Kleen Energy Systems, LLC ("Kleen"), by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses in response to the Counterclaim of Defendant Aon Risk Services Northeast, Inc. ("Aon"), formerly known as Aon Risk Services, Inc. of Massachusetts (the "Counterclaim").

**The EPC Agreement**

1    Kleen admits that it entered into an agreement with O&G Industries, Inc. ("O&G") that Aon's Counterclaim has termed the EPC Agreement. Kleen denies the characterization of the terms of the EPC Agreement, and states that the

1

EPC Agreement speaks for itself.  Kleen also admits that Keystone Construction and Maintenance Services, Inc. ("Keystone") performed work in connection with the Project, however, Kleen states that Aon's characterization of the work performed by Keystone constitutes a legal conclusion to which no response is required.

     2.     Kleen has no knowledge of the allegations contained in paragraph 2 and leaves Aon to its proof.

     3.     Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and accordingly, denies them.

     4.     Kleen states that the allegations in paragraph 4 contain legal conclusions to which no response is necessary.  To the extent a response is necessary, Kleen states that Section 12.1.3 of the EPC Agreement speaks for itself.

     5.     Kleen states that the allegations in paragraph 5 contain legal conclusions to which no response is necessary.  To the extent a response is necessary, Kleen states that the EPC Agreement speaks for itself.

     6.     Kleen states that the allegations in paragraph 6 contain legal conclusions to which no response is necessary.  To the extent a response is necessary, Kleen states that Section 12.1.5 of the EPC Agreement speaks for itself.

     7.     Kleen states that the allegations in paragraph 7 contain legal conclusions to which no response is necessary.  To the extent a response is necessary, Kleen states that Article 12.2 of the EPC Agreement speaks for itself.

     8.     Kleen states that the allegations in paragraph 8 contain legal

conclusions to which no response is necessary. To the extent a response is necessary, Kleen states that Article 12.2 of the EPC Agreement speaks for itself.

O&G Retained Aon to Place Certain Coverage

9. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and accordingly, denies them.

10. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and accordingly, denies them.

11. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and accordingly, denies them.

12. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and accordingly, denies them.

13. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and accordingly, denies them.

14. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and accordingly, denies them.

15. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and accordingly, denies them.

16. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and accordingly, denies them.

17. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and accordingly, denies them.

18. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and accordingly, denies them.

19. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and accordingly, denies them.

20. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and accordingly, denies them.

**O&G Hired Litchfield to Place Umbrella Coverage for the Project**

21. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and accordingly, denies them.

22. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and accordingly, denies them.

23. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and accordingly, denies them.

24. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and accordingly, denies them.

25. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and accordingly, denies them.

26. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and accordingly, denies them.

27. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and accordingly, denies them.

28. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and accordingly, denies them.

29. Kleen is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 29, and accordingly, denies them.

**O&G And Its Agents Reviewed the CCIP Policy Binders, the CCIP Manual, and CCIP  Policies And Did Not Advise Aon of Any Necessary Changes**

30. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and accordingly, denies them.

31. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and accordingly, denies them.

32. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and accordingly, denies them.

33. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and accordingly, denies them.

34. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and accordingly, denies them.

35. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and accordingly, denies them.

36. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and accordingly, denies them.

37. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and accordingly, denies them.

38. Kleen denies the allegations contained in Paragraph 38 to the extent they apply to Kleen.  With respect to the remainder of the allegations in Paragraph 38, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and accordingly, denies them.

39. Kleen denies the allegations contained in Paragraph 39 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 39, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and accordingly, denies them.

40. Kleen admits that it never asked Aon to make changes to the terms of the CCIP Binders. With respect to the remainder of the allegations in Paragraph 40, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and accordingly, denies them.

41. Kleen denies the allegations contained in Paragraph 41 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 41, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and accordingly, denies them.

42. Kleen denies the allegations contained in Paragraph 42 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 42, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and accordingly, denies them.

43. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and accordingly, denies them.

44. Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and accordingly, denies them.

45. Kleen admits that it never asked Aon to make changes to the terms of the CCIP Policies. With respect to the remainder of the allegations in Paragraph 45, Kleen is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 45, and accordingly, denies them.

46.     Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and accordingly, denies them.

47.     Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and accordingly, denies them.

**O&G Refused Aon's Assistance in Coordinating Coverage for Underlying Claims**

48.     Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and accordingly, denies them.

49.     Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and accordingly, denies them.

50.     Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 50 to the extent they apply to Kleen.  With respect to the remainder of the allegations in Paragraph 50, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and accordingly, denies them.

## COUNT I.

## DECLARATORY JUDGMENT

51.     Kleen repeats and realleges the responses contained in Paragraphs 1 through 50 above as if fully set forth herein.

52.     Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 52 to the extent they apply to Kleen.  With respect

to the remainder of the allegations in Paragraph 52, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and accordingly, denies them.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 53 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 53, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and accordingly, denies them.

54. Admitted.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 55 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 55, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and accordingly, denies them.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 56 to the extent they apply to Kleen. With respect to the remainder of the allegations in Paragraph 56, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and accordingly, denies them.

57. Paragraph 57 contains legal conclusions to which no response is

required.  To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 57 to the extent they apply to Kleen.  With respect to the remainder of the allegations in Paragraph 57, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and accordingly, denies them.

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 58 to the extent they apply to Kleen.  With respect to the remainder of the allegations in Paragraph 58, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and accordingly, denies them.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, Kleen states that Kleen denies the allegations contained in Paragraph 59 to the extent they apply to Kleen.  With respect to the remainder of the allegations in Paragraph 59, Kleen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and accordingly, denies them.

Kleen denies that Aon is entitled to the relief requested in its Demand for Relief.  Kleen hereby requests that this Court (1) enter judgment in Kleen's favor; (2) dismiss the Counterclaim with prejudice; (3) award Kleen all reasonable attorneys' fees and expenses incurred to defend this case; and (4) provide Kleen with other such relief as the Court deems just and appropriate.

Kleen denies all allegations in the Counterclaim that are not specifically admitted above.

## AFFIRMATIVE DEFENSES

Kleen asserts the following defenses with respect to Aon's allegations. Nothing herein may be construed to suggest that Kleen bears the burden of proof on any of the issues set forth below.

### FIRST AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, because they fail to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all losses and damages allegedly sustained by Aon were proximately caused by its own carelessness and negligence by its failure to exercise reasonable care under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, to the extent Aon is precluded under applicable law from recovering, *inter alia,* attorneys' fees, declaratory relief, or such other relief sought by Aon.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, because any damage, loss, or liability sustained by Aon was caused in whole or in part by the negligent or otherwise improper conduct of other third parties and accordingly, Aon's damages must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of such third parties under the principles of equitable allocation, recoupment, set-off, apportionment, and

comparative fault.

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, to the extent Aon has unclean hands, including, *inter alia,* from engaging in unlawful, inequitable, or improper conduct, or otherwise proceeding in bad faith.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, release, ratification, and/or assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, because the statements on which the claims are based contain (i) untrue material facts, (ii) statements of opinion, belief, expectations, and judgment, and/or (iii) fail to state a material fact necessary in order to make the statements made not misleading.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, because the conduct alleged in the Counterclaim was not the proximate cause of any alleged loss or damages suffered by Aon.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged in the Counterclaim are barred, in whole or in part, because Aon lacks standing to assert some or all of the claims contained in the Counterclaim.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Aon has failed to join all interested, required, necessary, and indispensable parties to this action, the Counterclaim is or may be barred.

## TWELFTH AFFIRMATIVE DEFENSE

Kleen has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Aon. Kleen therefore reserves the right to raise additional defenses as appropriate.

.

        RESPECTFULLY SUBMITTED,

        THE PLAINTIFF,
        KLEEN ENERGY SYSTEMS, LLC


By:   /s/
    Lee D. Hoffman (ct 17068)
    Matthew L. Stone (ct 28765)
    PULLMAN & COMLEY, LLC
    90 State House Square
    Hartford, CT 06103-3702
    Tel:  (860) 424-4315

    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2013, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT AON RISK SERVICES NORTHEAST, INC. was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                       /s/
                                      Lee D. Hoffman