## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

O & G INDUSTRIES, INC., ET AL.,

        Plaintiff,

        v.

AON RISK SERVICES NORTHEAST,

        Defendant.

CIVIL ACTION NO. 3:12cv723(JCH)

March 29, 2013

### PLAINTIFF O&G INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT AON RISK SERVICES NORTHEAST, INC.

Plaintiff-Counterclaim Defendant O&G Industries, Inc. ("O&G" or

"Plaintiff"), by its attorneys, as and for its Answer to Counterclaims of defendant-

counterclaimant Aon Risk Services Northeast ("Aon" or "Defendant"), states as follows:

### AS AND FOR AN ANSWER TO AON'S COUNTERCLAIM FOR DECLARATORY JUDGMENT AT TO ALL PLAINTIFFS[1]

**The EPC Agreement**

        1.    Admits the allegations contained in paragraph 1 of Defendant's

Counterclaim.

        2.    Denies the allegations contained in paragraph 2 of Defendant's

Counterclaim, except admits that O&G and Litchfield Insurance Group ("LIG" or

"Litchfield") had limited common ownership that ended in or about January 1998, that

LIG served as O&G's insurance broker during the relevant period, and that LIG provided

insurance brokerage services to O&G in connection with the Project, including drafting,

---

[1]    Capitalized terms not defined herein shall have the meaning ascribed to them in Plaintiff's Complaint.

reviewing and editing the section of the EPC Agreement that sets forth O&G's insurance requirements for the Project.

3.      O&G states that the allegations in paragraph 3 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G denies the allegations contained in paragraph 3 of Aon's Counterclaim, except admits that Nixon Peabody acted as counsel to O&G in connection with the Project.

4.      O&G states that the allegations in paragraph 4 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G states that Section 12.1.3 of the EPC Agreement speaks for itself.

5.      O&G states that the allegations in paragraph 5 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G states that the EPC Agreement speaks for itself.

6.      O&G states that the allegations in paragraph 6 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G states that the EPC Agreement speaks for itself.

7.      O&G states that the allegations in paragraph 7 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G states that the EPC Agreement speaks for itself.

8.      O&G states that the allegations in paragraph 8 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G states that the EPC Agreement speaks for itself.

nydocs1-1005474.3

**O&G Retained Aon to Place Certain Coverage**

9.      O&G states that the allegations in paragraph 9 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 9 of Defendant's Counterclaim, except admits that O&G entered into a service agreement with Aon to act as its insurance broker and adviser in the procurement of a CCIP for the Project (the "Service Agreement").  O&G respectfully refers the Court to the Service Agreement for its terms, and refers all questions of law to the Court.

10.     Denies the allegations contained in paragraph 10 of Defendant's Counterclaim, except admits that Aon requested certain information from O&G in connection with its insurance placements for the Project, all of which O&G provided to Aon in a timely manner.

11.     Denies the allegations contained in paragraph 11 of Defendant's Counterclaim.

12.     O&G states that the allegations in paragraph 12 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 12 of Defendant's Counterclaim, except admits that Ken Merz, an attorney and former licensed insurance agent, was involved in the insurance placements for the Project.

13.     O&G states that the allegation in paragraph 13 of Defendant's Counterclaim that Mr. Merz "had previously worked at Litchfield" contains a legal conclusion to which no response is necessary.  O&G denies the remaining allegation in paragraph 13 of Defendant's Counterclaim, except admits that LIG provided insurance brokerage services to O&G in connection with the Project.

–3–

14.     Denies the allegations contained in paragraph 14 of Defendant's Counterclaim, except admits that, prior to entering into the Service Agreement with Aon, O&G had discussions with Litchfield about hiring another insurance brokerage entity to procure the CCIP.

15.     Denies the allegations contained in paragraph 15 of Defendant's Counterclaim.

16.     Denies the allegations contained in paragraph 16 of Defendant's Counterclaim.

17.     Denies the allegations contained in paragraph 17 of Defendant's Counterclaim, except admits that LIG reviewed and commented on the CCIP.

18.     O&G states that the allegations in paragraph 18 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 18 of Defendant's Counterclaim, except admits that Aon provided certain quotations for CCIP coverage.  O&G states that the quotations speak for themselves.

19.     Denies the allegations contained in paragraph 19 of Defendant's Counterclaim, except admits that O&G opted to purchase a $51 million CCIP for the Project and have its own practice program of $102 million in liability coverage (the "O&G Practice Tower") endorsed as excess over the CCIP for Project-related liabilities in order to exceed the EPC Agreement's insurance coverage requirements for the Project.

20.     Denies the allegations contained in paragraph 20 of Defendant's Counterclaim, except admits that O&G opted to purchase a $51 million CCIP for the Project and have the O&G Practice Tower endorsed as excess of the CCIP for Project-

-4-

related liabilities in order to exceed the EPC Agreement's insurance coverage requirements for the Project.

**O&G Hired Litchfield to Place Umbrella Coverage For the Project**

21.     O&G states that the allegations in paragraph 21 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G states that the Litchfield Service Agreement speaks for itself.

22.     O&G states that the allegations in paragraph 22 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G states that the Litchfield Service Agreement speaks for itself.

23.     Admits the allegations contained in paragraph 23 of Defendant's Counterclaim.

24.     Denies the allegations contained in paragraph 24 of Defendant's Counterclaim, except admits that O&G obtained the O&G Practice Tower through LIG.

25.     Denies the allegations contained in paragraph 25 of Defendant's Counterclaim, except admits that LIG represented to O&G that the O&G Practice Tower would provide excess coverage over the CCIP for the Project.

26.     Denies the allegations contained in paragraph 26 of Defendant's Counterclaim.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Defendant's Counterclaim.

28.     Denies the allegations contained in paragraph 28 of Defendant's Counterclaim, except admits that LIG reviewed and commented on the CCIP.

–5–

29.     Denies the allegations contained in paragraph 29 of Defendant's Counterclaim, except admits that Litchfield failed to realize and/or failed to advise O&G that the O&G Practice Tower it procured did not include the policy endorsements necessary to provide umbrella/excess liability insurance in excess of the CCIP for the Project as requested by O&G, which Litchfield had represented it had secured.

**O&G And Its Agents Reviewed the CCIP Policy Binders, the CCIP Manual, and CCIP  Policies And Did Not Advise Aon of Any Necessary Changes**

30.     O&G states that the allegations contained in paragraph 30 of Defendant's Counterclaim contain legal conclusions to which no response is necessary. To the extent a response is necessary, O&G denies those allegations, except admits that Aon prepared the CCIP Manual and provided a copy to O&G for review.

31.     Denies the allegations contained in paragraph 31 of Defendant's Counterclaim, except admits that Aon prepared the CCIP Manual and provided a copy to O&G for review prior to the Incident.

32.     Denies the allegations contained in paragraph 32 of Defendant's Counterclaim, except admits that Aon prepared the CCIP Manual and provided a copy to Nixon Peabody for review.  To the extent the allegations contained in paragraph 32 of Defendant's Counterclaim imply that the Excess CCIP Policies that were supposed to contain defense cost coverage in all layers were available at the time of Nixon Peabody's review of the CCIP Manual, O&G denies those allegations.

33.     Denies the allegations contained in paragraph 33 of Defendant's Counterclaim, except admits that Aon prepared the CCIP Manual and provided a copy to O&G for review.  To the extent the allegations contained in paragraph 33 of Defendant's Counterclaim imply that the Excess CCIP Policies that were supposed to

–6–

contain defense cost coverage in all layers were available at the time of O&G's review of the CCIP Manual, O&G denies those allegations.

34.    Denies the allegations contained in paragraph 34 of Defendant's Counterclaim, except admits that were discussions among O&G, Keystone and Aon concerning potential conflicts between the provisions of the CCIP Manual and the provisions of the Keystone subcontract, in the context of which Aon noted that "if there is a conflict between the contract, manual or insurance policies, that the policies govern."

35.    O&G states that the allegations in paragraph 35 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G states that the CCIP Binders speak for themselves.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of Defendant's Counterclaim, except admits that Keystone requested copies of the CCIP insurance polices from O&G by email dated May 15, 2009.  Keystone's May 15, 2009 email speaks for itself.  To the extent the allegations contained in paragraph 36 of Defendant's Counterclaim imply that the Excess CCIP Policies that were supposed to contain defense cost coverage in all layers were available at the time of Keystone's request, O&G denies those allegations.

37.    Denies the allegations set forth in paragraph 37 of Defendant's Counterclaim, except admits that Keystone requested copies of the CCIP insurance polices from O&G by email dated May 15, 2009.  Keystone's May 15, 2009 email speaks for itself.  To the extent the allegations contained in paragraph 37 of Defendant's

–7–

Counterclaim imply that the Excess CCIP Policies that were supposed to contain defense cost coverage in all layers were available at the time of Keystone's request, O&G denies those allegations.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of Defendant's Counterclaim, except admits that O&G received copies of the CCIP Binders prior to the Incident.

39.     Denies the allegations set forth in paragraph 39 of Defendant's Counterclaim, except admits that O&G received copies of the CCIP Binders prior to the Incident.  To the extent the allegations contained in paragraph 39 of Defendant's Counterclaim imply that Aon requested that O&G review the CCIP Binders and recommend any changes, O&G denies those allegations.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Defendant's Counterclaim, except admits that O&G did not ask Aon to make any changes to the terms of the CCIP Binders related to defense cost coverage during the period of time between its receipt of the CCIP Binders and the Incident.  To the extent the allegations contained in paragraph 40 of Defendant's Counterclaim imply that Aon requested that O&G review the CCIP Binders and recommend any changes related to defense costs coverage or that O&G had any obligation to do so, O&G denies those allegations.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of Defendant's Counterclaim, except admits that O&G received copies of the CCIP Policies prior to the Incident.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of Defendant's Counterclaim, except admits that O&G received copies of the CCIP Policies prior to the Incident.  To the extent the allegations contained in paragraph 42 of Defendant's Counterclaim imply that Aon requested that O&G review the CCIP Policies and recommend any changes related to defense costs coverage or that O&G had any obligation to do so, O&G denies those allegations.

43.    O&G states that the allegations in paragraph 43 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G states that the Service Agreement speaks for itself.

44.    Denies the allegations set forth in paragraph 44 of Defendant's Counterclaim.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of Defendant's Counterclaim, except admits that O&G did not ask Aon to make any changes to the terms of the CCIP Policies related to defense cost coverage during the period of time between its receipt of the CCIP Policies and the Incident.  To the extent the allegations contained in paragraph 45 of Defendant's Counterclaim imply that Aon requested that O&G review the CCIP Policies and recommend any changes related to defense costs coverage or that O&G had any obligation to do so, O&G denies those allegations.

46.    Denies the allegations set forth in paragraph 46 of Defendant's Counterclaim, except admits that the CCIP Manual provides: "You should notify your

nydocs1-1005474.3

insurer(s) to endorse your coverage to be excess and contingent over the CCIP coverage provided under this Program for on-site activities and the related costs."

47.    Denies the allegations set forth in paragraph 47 of Defendant's Counterclaim, except admits that O&G requested that LIG obtain endorsements to O&G's Practice Tower so that it would provide liability coverage in excess of the CCIP for the Project, that LIG represented to O&G that the O&G Practice Tower would provide excess coverage over the CCIP for the Project as requested by O&G, and that LIG failed to realize and/or failed to advise O&G that the O&G Practice Tower it procured did not include the policy endorsements necessary to provide umbrella/excess liability insurance in excess of the CCIP for the Project as requested by O&G.

**O&G Refused Aon's Assistance in Coordinating Coverage for Underlying Claims**

48.    Admits the allegations contained in paragraph 48 of Defendant's Counterclaim.

49.    Denies the allegations contained in paragraph 49 of Defendant's Counterclaim.

50.    Denies the allegations contained in paragraph 50 of Defendant's Counterclaim.

## COUNT 1.

## DECLARATORY JUDGMENT

51.    O&G repeats and incorporates by reference its answers to paragraphs 1-50 of Defendant's Counterclaim, as if the same were set forth at length herein.

52.    O&G states that the allegations in paragraph 52 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the

–10–

extent a response is necessary, O&G denies the allegations contained in paragraph 52 of Defendant's Counterclaim.

53.     O&G states that the allegations in paragraph 53 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G Denies the allegations contained in paragraph 53 of Defendant's Counterclaim.

54.     Denies the allegations contained in paragraph 54 of Defendant's Counterclaim, except admits that O&G has sued Aon, respectfully refers the Court to its Complaint describing the causes of action asserted therein, and respectfully refers the Court to its Order on Aon's motion to dismiss for its terms.

55.     O&G states that the allegations in paragraph 55 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G Denies the allegations contained in paragraph 55 of Defendant's Counterclaim, except admits that an actual case or controversy currently exists between Plaintiffs and Aon with respect to Aon's obligation to pay to Plaintiffs the Uncovered Defense Costs and Settlement and Defense Fund Negotiation Costs.

56.     O&G states that the allegations in paragraph 56 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 56 of Defendant's Counterclaim.

57.     O&G states that the allegations in paragraph 57 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the

extent a response is necessary, O&G denies the allegations contained in paragraph 57 of Defendant's Counterclaim.

58.     O&G states that the allegations in paragraph 58 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 58 of Defendant's Counterclaim, except admits that declaratory relief as to Aon's obligation to pay to Plaintiffs the Uncovered Defense Costs and Settlement and Defense Fund Negotiation Costs will terminate some or all of said disputes and controversies between Plaintiffs and Aon.

59.     O&G states that the allegations in paragraph 59 of Defendant's Counterclaim contain legal conclusions to which no response is necessary.  To the extent a response is necessary, O&G denies the allegations contained in paragraph 59 of Defendant's Counterclaim, except admits that a judicial declaration is necessary as to Aon's obligation to pay to Plaintiffs the Uncovered Defense Costs and Settlement and Defense Fund Negotiation Costs.

## FIRST AFFIRMATIVE DEFENSE

60.     Aon's Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

61.     Aon's Counterclaim is barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

62.     Aon's Counterclaim is barred by the doctrines of wavier and/or estopple.

−12−

## FOURTH AFFIRMATIVE DEFENSE

63.     Aon's Counterclaim is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

64.     Aon's Counterclaim is barred by applicable statute(s) of limitation and/or repose.

## SIXTH AFFIRMATIVE DEFENSE

65.     Aon's counterclaim is barred for the reasons set forth in O&G's Complaint in this Action, which O&G incorporates by reference as though they were fully set forth herein.

## SEVENTH AFFIRMATIVE DEFENSE

66.     O&G reserves the right to supplement or amend these affirmative defenses as facts supporting further affirmative defenses are discovered.

**WHEREFORE**, O&G demands that Aon's Counterclaim be dismissed with prejudice, and that the Court award O&G its attorneys' fees, costs of this action, and any further relief this Court deems equitable, just and proper.

nydocs1-1005474.3

**JURY DEMAND**

O&G demands a trial by jury on all issues so triable.


ANDERSON KILL & OLICK, P.C.


By:  s/ Finley Harckham
        Finley Harckham (Bar No. ct26403)
        Dennis J. Artese (Bar No. ct28071)

        1251 Avenue of the Americas
        New York, NY  10020-1182
        Telephone:  212-278-1000

        Attorneys for Plaintiff-Counterclaim Defendant
        O&G Industries, Inc.

-14-

## **Certification**

This is to certify that on the above date, a copy of the foregoing PLAINTIFF O&G INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT AON RISK SERVICES NORTHEAST, INC. was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_s/ Dennis J. Artese_____
Dennis J. Artese