## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| O&G INDUSTRIES, INC., KLEEN ENERGY SYSTEMS, LLC, AND KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC., | : : : : | |
| Plaintiffs, | : : | |
| VS. | : : : | Civil Action No. 3:12-CV-00723 (JCH) |
| AON RISK SERVICES NORTHEAST, INC. F/K/A AON RISK SERVICES, INC. OF MASSACHUSETTS, | : : : : | |
| Defendant, | : : : | August 7, 2013 |
| VS. | : : | |
| THE LITCHFIELD INSURANCE GROUP, INC. | : : : : | |
| Third Party Defendant. | : : | |

### DEFENDANT AON RISK SERVICES NORTHEAST, INC.'S MOTION FOR PERMISSION TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Defendant Aon Risk Services Northeast, Inc. ("Aon") respectfully moves for permission to file the attached Supplemental Memorandum in opposition to the Motion to Dismiss Third Party Complaint filed by Third Party Defendant The Litchfield Insurance Group, Inc. ("Litchfield"), on the ground that Aon only recently received documents that are highly relevant to Aon's Third Party Complaint, Counterclaim for Declaratory Judgment, and defenses in this matter.[1]  Aon was unable to use those documents in preparing its Third Party Complaint, or in

---

[1]     Aon has attached hereto redacted versions of the Supplemental Memorandum and accompanying exhibits in light of the simultaneous filing of a motion to seal the same.

opposing Litchfield's motion, because Plaintiff O&G improperly withheld them in discovery for nearly a year.  These documents further demonstrate why Aon's Third Party Complaint against Litchfield is well-founded and why Litchfield's motion to dismiss should be denied; at a minimum, they demonstrate why Aon should be granted leave to amend if this Court deems such amendment necessary.

The documents in question are devastating both to O&G's remaining claims against Aon and to Litchfield's arguments in its motion to dismiss.  In short, the documents show that it was Litchfield, not Aon, that was retained to act as O&G's overall insurance advisor; that O&G relied upon Litchfield, not Aon, for that purpose; and that it was Litchfield, not Aon, who was responsible for making sure that O&G's insurance complied with the requirements of the EPC agreement between O&G and Kleen Energy.  As discussed below, O&G has had those documents in its possession for over a year, but did not produce them until just recently – and then only after numerous motions and conferences before Magistrate Judge Fitzsimmons, and under threat of dismissal sanctions.  The documents are plainly relevant to Aon's Third Party Complaint against Litchfield, and Aon respectfully requests that it be given leave to submit the enclosed Supplemental Memorandum addressing them.

## FACTUAL BACKGROUND AND ARGUMENT

Plaintiffs commenced this action on May 17, 2012.  Aon served its first document requests to O&G on August 13, 2012.  On October 16, 2012, O&G produced 217 documents, many of which were unrelated to O&G's claims.  In a November 2, 2012 joint status report, O&G represented to the Court that it anticipated producing numerous additional documents within the coming weeks, and that it had preliminarily identified *seven bankers boxes of hard-copy documents*, *over 29,000 electronic documents*, and *over 11,000 privileged documents*.

Despite O&G's representation to the Court, over eight months passed before Aon received any additional documents (or a privilege log) from O&G.  Aon therefore raised O&G's failure to produce documents with the Court on three occasions between March 2013 and July 2013.

During an April 4, 2013 status conference, at Aon's request, Magistrate Judge Fitzsimmons instructed O&G to immediately begin producing additional documents.  O&G ignored the Court's instructions:  More than three months passed, and O&G did not produce a single additional document.  On June 17, 2013, during another status conference before Magistrate Judge Fitzsimmons, O&G explained that, notwithstanding its representation that it had identified tens of thousands of electronic documents back in November 2012, it had yet to retain a vendor to assist with review and production of those electronic documents.  Magistrate Judge Fitzsimmons ordered O&G to immediately produce the remainder of its documents, this time on a rolling basis, and entered a new scheduling order requiring O&G to complete all productions by July 22, 2013.  O&G violated the Court's Order:  Between the June 17, 2013 status conference and July 19, 2013, only three days before O&G's production deadline, O&G produced only 40 documents.[2]  In other words, O&G did not produce the remainder of its documents, on a rolling basis, before July 22.

As a result, when Magistrate Judge Fitzsimmons learned during the July 25, 2013 status conference of the extent of O&G's delay, she issued a case management order requiring O&G to complete all document production and privilege logs by August 26, 2013 and ordering that "[t]he failure to comply with this Order may result in sanctions including, but not limited to, the

---

[2]     With the exception of one document, these 40 documents consisted only of complaints in underlying insurance litigation against O&G.  O&G produced 753 documents on July 19, 2013, as discussed below.

entering of a default judgment and/or dismissal of this case." (July 30, 2013 Order at 1 [Doc. 134] (emphasis added).)

Not until July 19, 2013 did O&G finally make its first meaningful production of documents since October 16, 2012. O&G produced 753 hard-copy documents, including handwritten notes, that Aon had been seeking for months. Importantly, these newly-produced documents confirm Litchfield's central role in the relevant events and therefore necessitate the submission of the attached Supplemental Memorandum.

Until now, O&G's violation of Court Orders and discovery misconduct has prevented Aon from fully setting forth the facts supporting its third party claims against Litchfield. Had O&G disclosed the recently-produced documents in accordance with its discovery obligations, Aon would have had significant additional information to further support its third party claims against Litchfield during the appropriate time period.

As discussed in the Supplemental Memorandum attached hereto, the newly-produced documents are highly relevant to demonstrating that Aon has valid claims against Litchfield and that Litchfield's motion to dismiss should be denied: at a minimum, they demonstrate why Aon should be granted leave to amend if this Court finds the Third Party Complaint deficient in any respect. Aon would be unfairly prejudiced if the Court were to rule on the instant motion without considering relevant documents that O&G has had in its possession throughout this litigation, yet produced only recently after significant motion practice and Court orders. Therefore, Aon respectfully submits that the Court should consider the information in the Supplemental Memorandum before adjudicating Litchfield's motion to dismiss. Aon respectfully requests that the Court grant it permission to file the attached Supplemental Memorandum.

DEFENDANT AON RISK SERVICES
NORTHEAST, INC.


By:   /s/
           Richard W. Bowerman, ct04181
           Michael G. Caldwell, ct26561
           LeClairRyan, P.C.
           545 Long Wharf Drive, 9th Floor
           New Haven, Connecticut 06511
           Tel. No.: (203) 672-3202
           Fax No.: (203) 672-3237
           Richard.bowerman@leclairryan.com
           - Its Attorneys -


And

Blair Connelly, Esq.
Kira Dabby, Esq.
Manasi Rodgers, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Tel No.: (212) 906-1002
Fax No.: (212) 751-4864
Of Counsel
- Its Attorneys -

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2013, a copy of the foregoing was filed electronically on all counsel of record.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.  Parties may access this file through the court's CM/ECF System.

_/s/_____
Michael Caldwell, ct26561