UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

O&G INDUSTRIES, INC., KLEEN ENERGY :
SYSTEMS, LLC, AND KEYSTONE          :
CONSTRUCTION AND MAINTENANCE        :
SERVICES, INC.,                     :
                                    :
                        Plaintiffs, :
                                    :
                                    :
VS.                                 :
                                    :
                                    :   Civil Action No. 3:12-CV-00723 (JCH)
AON RISK SERVICES NORTHEAST, INC.   :
F/K/A AON RISK SERVICES, INC. OF    :
MASSACHUSETTS,                      :
                                    :
                        Defendant,  :
                                    :
                                    :
                                    :   August 7, 2013
                                    :
VS.                                 :
                                    :
THE LITCHFIELD INSURANCE GROUP,     :
INC.                                :
                                    :
                                    :
                                    :
                       Third Party  :
                       Defendant.

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF
THIRD PARTY DEFENDANT, THE LITCHFIELD INSURANCE GROUP, INC.**

Defendant/Third Party Plaintiff Aon Risk Services Northeast, Inc. ("Aon") hereby

submits this Supplemental Memorandum in Opposition to the Motion to Dismiss of Third Party

Defendant The Litchfield Insurance Group, Inc. ("Litchfield").  Aon files herewith a Motion for

Permission to Submit a Supplemental Memorandum.

**ARGUMENT**

Litchfield's Motion to Dismiss should be denied because the documents that O&G

withheld for eleven months conclusively demonstrate that Litchfield, not Aon, was primarily

responsible for, and had exclusive control over, the situation that caused O&G's alleged injuries.

O&G's entire claim against Aon boils down to its allegation that the EPC Agreement required

1

defense coverage at the layers above the primary policy, and that Aon failed to obtain such

coverage.  The newly-produced documents confirm that O&G looked only to <u>Litchfield</u> – which

*drafted* the EPC Agreement's insurance provisions, and which described itself as ████████

██████████████ – to ensure that those requirements were met.  O&G never even *sent* the EPC

Agreement to Aon.  Indeed, when Aon came across a reference to the EPC Agreement *and asked*

*O&G for a copy*, O&G *still* did not send it to Aon, ████████████████████████████████████

██████████████████████████████████████  O&G also looked to Litchfield, not Aon, to

advise O&G regarding its overall insurance needs.  Indeed, the newly-produced documents show

that O&G ████████████████████████████████████████████████ to serve in that

capacity for well over a decade.  Consistent with that longstanding relationship, O&G routinely

solicited and received advice from Litchfield regarding the CCIP policies that Aon was placing

for the Kleen Energy Project.  At an absolute minimum, these facts suffice to state a claim for

indemnification or contribution against Litchfield – the *only* party who was in any position to

advise O&G regarding its compliance with the insurance requirements of the EPC Agreement.

**A.      The Newly-Produced Documents Demonstrate That Litchfield, Not Aon, Was Responsible For Ensuring Compliance With The EPC Agreement, Including The Insurance Coverage O&G Was Required To Maintain Vis-à-vis Kleen.**

O&G alleges that Aon failed to procure the defense cost coverage supposedly required by

the EPC Agreement between O&G and Plaintiff Kleen Energy Systems, LLC ("Kleen"), the

owner of the Project for which O&G was General Contractor.  (*See* Plaintiffs' Compl. ¶¶ 31, 46.)

But, as the newly-produced documents show, O&G tasked Litchfield – not Aon – with ensuring

O&G's compliance with the EPC Agreement's requirements.

The EPC Agreement obligates O&G to obtain certain kinds and amounts of insurance for

the Kleen Project, and to ensure that its subcontractors obtain certain kinds and amounts of

insurance.  It is now abundantly clear that O&G *never* intended to satisfy all of those

requirements through the CCIP Policies that Aon placed.  Rather, O&G intended to satisfy only a *portion* of those requirements through the CCIP, and to satisfy the remainder through its own, corporate-level insurance program – which Litchfield placed.  Because O&G never intended to satisfy all of the EPC Agreement's requirements through the CCIP, O&G never bothered to send the EPC Agreement to Aon.  Instead, ██████████████████████████████████ ██████████████████████ which only showed the levels of insurance that the *subcontractors* were required to obtain.  O&G relied on *Litchfield* to place the additional coverage that O&G needed to satisfy the EPC Agreement between O&G and Kleen.

This segregation of tasks explains why O&G never sent the EPC Agreement to Aon before the Incident, even after Aon specifically asked for it.  As one newly-produced document explains, ██████████████████████████████████████████ ████████████████████████████████████ ██████ In other words, O&G felt the EPC Agreement ██████████████████████ ████████████████████████████████████ ████████████████████████████ Rather than sending Aon the EPC Agreement that Aon had requested, ████████████████████████ ████████████████████████████████████████ was O&G's standard subcontract with its subcontractors – as opposed to the EPC Agreement, which was between O&G and the Project's owner, Kleen.  The standard subcontract that O&G provided to Aon did not reflect the EPC Agreement's overall insurance requirements, and it said nothing of requirements regarding defense cost coverage.

If O&G had actually been relying on Aon to ensure O&G's compliance with the EPC
Agreement, then O&G should have been shocked to learn that Aon had not seen this agreement
before placing the CCIP Policies. ██████████████████████████████████
███████████████████ demonstrates beyond any conceivable doubt that O&G had <u>not</u> been
relying on Aon to ensure compliance with the EPC Agreement's terms.[1]   Rather, as the newly-
produced documents prove, Litchfield was fulfilling that role.

As Aon alleged, and as the newly-produced documents discuss, O&G's reliance on
Litchfield to ensure O&G's compliance with the EPC Agreement makes perfect sense: ████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

**B.      The Newly-Produced Documents Demonstrate That Litchfield, Not Aon,
Acted As O&G's General Insurance Advisor And Was Responsible For
Ensuring That O&G's Overall Insurance Needs Were Met.**

O&G further claims that, as O&G's broker, Aon allegedly failed to "advise" O&G with
respect to the insurance coverage it needed.  (*See* Plaintiffs' Compl. ¶ 31.)  But as the newly-
produced documents establish, O&G hired Litchfield, not Aon, to serve as O&G's general
insurance advisor. ██████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[1]      This fact sounds the death knell for O&G's claims against Aon:  O&G cannot blame Aon for
failing to meet the insurance requirements of the EPC Agreement when O&G never intended for
Aon to do so, and when O&G chose not to send Aon that document.

████████████        Indeed, the newly-produced documents confirm, as Aon alleged in its Third

Party Complaint, ████████████████████████████████████████████████████

████████████████████████████████████████████████████

(*See* Third Party Compl. ¶¶ 34, 40; ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

As with the EPC Agreement, it is not surprising that O&G relied on Litchfield, not Aon,

to ensure that its general insurance needs were met: the newly-produced documents evidence that

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████        According to a newly-produced

document ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

2       ████████████████████████████████████████████████████
████████████████████████

3       ████████████████████████████████████████████████████
████████████████████

███████████████████████████████████████████████████████████████████████

████████████

Litchfield was the <u>only</u> entity, as between Litchfield and Aon, in a position to ensure that

O&G's overall insurance needs were met.  But despite Litchfield's ████████████████

████████████████████ and ensure O&G's compliance with the EPC Agreement that Litchfield

drafted, and ████████████████████████████████████████████, Litchfield failed to

raise any issue regarding defense cost coverage in the CCIP Policies.[5]

The newly-produced documents evidence ████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████   Therefore, there is no question that Litchfield owes Aon duties of indemnity

and contribution.

## CONCLUSION

For the foregoing reasons, Litchfield's motion to dismiss should be denied in its entirety.


DEFENDANT
AON RISK SERVICES NORTHEAST, INC.



By ____/s/_____
       Richard W. Bowerman, ct04181
       Margaret P. Mason, ct04157

---

[4] ███████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████

[5] ███████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████

Michael Caldwell, ct26561
LeClairRyan, P.C.
545 Long Wharf Drive, 9th Floor
New Haven, Connecticut 06511
Tel. No.: (203) 672-3202
Fax No.: (203) 672-3237
Richard.bowerman@leclairryan.com

-- Its Attorneys --

And

Blair Connelly
Kira Dabby
Manasi P. Rodgers
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Tel No.: (212) 906-1002
Fax No.: (212) 751-4864

Of Counsel

- Its Attorneys -

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, a copy of the foregoing was filed electronically on all counsel of record.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.  Parties may access this file through the court's CM/ECF System.

\_\_\_/s/_____
Michael Caldwell, ct26561