# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 15, 2013

**VIA ELECTRONIC FILING**

The Honorable Janet C. Hall
Richard C. Lee
United States Courthouse
141 Church Street
New Haven, Connecticut 06510

Re:  *O&G Industries, Inc., et. al. v. Aon Risk Services Northeast, Inc.,*
*Index No. 3:12-CV-00723 (JCH)*

Dear Judge Hall:

      We represent Defendant Aon Risk Services Northeast, Inc. ("Aon") in the above-captioned matter, and we write to correct an inadvertent misstatement in Aon's Memorandum in Opposition to Third Party Defendant The Litchfield Insurance Group, Inc.'s Motion to Dismiss the Third Party Complaint, Doc. No. 102 ("Opposition"). This correction does _not_ affect the substance of Aon's argument in the Opposition or the validity of its claims against Third Party Defendant The Litchfield Insurance Group, Inc. ("Litchfield"); Aon writes merely to ensure that the record is accurate.

      Aon attached as Exhibit J to its Opposition brief an email dated April 16, 2009 that had been produced by Plaintiff O&G Industries, Inc. ("O&G") during discovery. Aon referenced this email in its Opposition brief and noted that Litchfield was carbon copied on it. However, from a review of other documents it appears that the email was not actually sent on April 16, 2009 to the recipients indicated on the face of the document. The email was prepared as a draft, and was instead used as notes for a telephone conversation with O&G, which took place on April 17, 2009. (Contemporaneous handwritten notes produced by O&G corroborate that the matters set forth in the draft email were in fact discussed that day). After the Kleen explosion, O&G asked Aon to provide any emails it had concerning the placement of the insurance for the Kleen project. Aon sent a group of emails in response, which included the April 16, 2009 draft. Aon later realized that it had sent O&G the draft email, and advised O&G of the circumstances discussed above.

      The fact that the April 16, 2009 draft email was not sent to Litchfield on that date has no bearing on the substance of Aon's claims against Litchfield, or its arguments in opposition to Litchfield's motion to dismiss. Aon cited the document only to show that O&G never intended to satisfy all of the EPC Agreement's insurance requirements through the CCIP; rather, O&G

LATHAM&WATKINS LLP

intended to satisfy those requiements by having the O&G Corporate Insurance Program sit above the CCIP coverage. Aon specifically told O&G that this would only happen if O&G's corporate insurance policies -- which Litchfield placed -- were appropriately endorsed. Those facts are not disputed: indeed, the very basis for O&G's state court action against Litchfield is that Litchfield failed to obtain the required endorsements. Nonetheless, in the interest of accuracy Aon wishes to amend its Opposition brief to delete the phrases "(and Litchfield)" and "copying B. Phelan and others" on page 12 of its Opposition brief.

We are available to discuss the foregoing at your convenience.

Respectfully submitted,

Kira S. Dabby
of LATHAM & WATKINS LLP

cc:
Dennis Artese, Esq.
Lee Hoffman, Esq.
Justin Clark, Esq.
Richard Bowerman, Esq.
Kurt Fliegauf, Esq.